RANDY J. TANNER
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
101 E Front Street, Suite 401
Missoula, MT 59802
Phone: (406) 329-4268
FAX: (406) 542-1476
Email: randy.tanner@usdoj.gov

Attorneys for Defendant
United States of America

ALEX RATE
ACLU of Montana
P.O. Box 1968
Missoula, MT 59806
Phone: (406) 224-1447
Email: ratea@aclumontana.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JOHN ROE and JANE DOE,<br><br>Plaintiffs,<br>vs.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; the DEPARTMENT OF HOMELAND SECURITY; and DAVID VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,[1]<br><br>Defendants. | CV 25-40-BU-DLC<br><br>STIPULATION OF DISMISSAL WITHOUT PREJUDICE |

[1] Defendants are substituted automatically under Federal Rule of Civil Procedure 25(d).

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), Plaintiffs John Roe and Jane Doe (each individually, "Plaintiff," and collectively, "Plaintiffs") and Defendants Kristi Noem, Department of Homeland Security, and Todd Lyons, by and through their counsel of record, file this stipulation of dismissal of the above-captioned matter without prejudice. In so doing, the parties agree to the following:

1. The Student and Exchange Visitor Information System ("SEVIS") record for each Plaintiff in this case has been set back to "active" by the Student and Exchange Visitor Program ("SEVP") within Homeland Security Investigations ("HSI") at U.S. Immigration and Customs Enforcement ("ICE").

2. The reactivation of each Plaintiff's SEVIS record shall be considered retroactive to the date of its termination, such that there is no gap or lapse in the Plaintiff's SEVIS record. Although the event history will memorialize whatever modifications are made to the SEVIS account, the effect of this retroactive activation is as though the termination did not happen. SEVP has provided Plaintiffs with a letter, mailed to their addresses listed in the SEVIS system, that Plaintiffs may rely upon to show the retroactive effect of the reactivation. A copy will also be provided to Plaintiff's counsel.

3. To the extent any Plaintiff is participating in Optional Practical Training ("OPT"), or the Science, Technology, Engineering, and Math ("STEM") OPT

extension, or Curricular Practical Training ("CPT"), any authorization end date for OPT, STEM OPT, or CPT has been reset to the end date set forth in the Plaintiff's SEVIS record before its termination.

4. ICE will not, under its new SEVIS policy announced April 26, 2025, and attached hereto as Exhibit A, terminate the Plaintiffs' SEVIS records based (i) on the National Crime and Information Center ("NCIC") record that led to the initial termination (and the above-captioned litigation) or (ii) on any related prudential visa revocation that is effective upon departure (as set forth in Paragraph 5). However, ICE maintains the authority to terminate a SEVIS record for other lawful reasons, such as if a student fails to maintain his or her nonimmigrant status after the record is reactivated or engages in other unlawful activity that would render him or her removable from the United States under the Immigration and Nationality Act ("INA").

5. As stated in ICE's new policy (Exhibit A), "if [the Department of] State revokes a nonimmigrant visa effective immediately, SEVP may terminate the nonimmigrant's SEVIS record based on the visa revocation with immediate effect, as such a revocation can serve as a basis of removability under INA § 237(a)(1)(B)." A visa revocation that is effective upon departure rather than immediately does not establish removability under INA § 237(a)(1)(B), and

therefore is not, in itself, a basis for termination of the SEVIS record under the new SEVIS policy.

6. Pursuant to INA § 221(i), notice of a visa revocation must be communicated to the Department of Homeland Security ("DHS"). DHS has not received any communication from the Department of State that the visas of either of the Plaintiffs in this action have been revoked with immediate effect.

7. The termination and reactivation of a Plaintiff's SEVIS record by SEVP, as set forth in Paragraph 1 of this Stipulation, will not have a negative impact on the adjudication of any benefit request to the United States Citizenship and Immigration Services ("USCIS"). If, while adjudicating an immigration benefit request, USCIS finds that the Plaintiff's SEVIS record was terminated and then reactivated by ICE, USCIS will continue processing the benefit request according to all applicable laws, regulations, policies, and procedures.

8. Defendants agree to cooperate with Plaintiffs' counsel to ensure USCIS is aware of this Stipulation and its terms in connection with its consideration or reconsideration of either Plaintiff's benefits request.

9. Defendants shall promptly provide a copy of this Stipulation to the Department of State.

10. The parties agree that this action shall be dismissed without

prejudice. Each party shall bear its own fees and costs.

DATED this 21st day of July 2026.

MARK STEGER SMITH
Acting United States Attorney

/s/ Randy Tanner
Assistant U.S. Attorney
Attorney for Defendants

/s/ Alex Rate
ACLU of Montana
Attorney for Plaintiffs